1
2
3
4
5
6

The Honorable Richard A. Jones

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

ASHLEY GJOVIK,

NO. 2:22-cv-00807-RAJ-BAT

10

Plaintiff,

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6))

11

v.

12

STATE OF WASHINGTON, et al.,

NOTE ON MOTION CALENDAR:
July 15, 2022

13

Defendants.

14

15

**I.      INTRODUCTION**

16

Ashley Gjovik primarily contests the entry of an anti-harassment protection order against

17

her in King County District Court. There are multiple reasons why this Court lacks jurisdiction

18

over such a claim. But fundamentally, the problem is that Ms. Gjovik is asking this Court for

19

relief from litigation outcomes related to the District Court proceeding in which none of the

20

Defendants in this matter were involved. Because none of the Defendants have done anything to

21

her, and Ms. Gjovik makes no allegations to suggest that they ever will, Ms. Gjovik lacks

22

standing to sue them. Because Ms. Gjovik is requesting that this Court reverse the King County

23

District Court order, the Court's jurisdiction is barred by the *Rooker-Feldman* doctrine. And

24

because she is asking this Court to interfere in the process by which the King County District

25

Court's order is enforced (i.e., the anti-harassment protection order) the Court's jurisdiction is

26

barred by *Younger* abstention and the Anti-Injunction Act too. Ms. Gjovik has also

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  inappropriately named Washington State itself as a party (and much of the relief she requests

2  would run against Washington State itself) in violation of the Eleventh Amendment.

3  These jurisdictional hurdles are insurmountable, and Ms. Gjovik's complaint should be

4  dismissed for lack of jurisdiction. But, in the alternative, assuming that at least the allegations of

5  facial invalidity of various Washington State statutes survive jurisdictional challenge,

6  Ms. Gjovik's complaint nevertheless should be dismissed for failure to state a claim.

7  ## II.    STATEMENT OF FACTS

8  ### A.    Ms. Gjovik's Factual Allegations

9  Ms. Gjovik's complaint is 86 pages, not counting a number of lengthy exhibits. *See*

10  Dkt. #1, p. 1. It details an alleged history concerning herself, her former employment at Apple,

11  Inc. (Apple), various complaints she made concerning Apple, and her on-line communications

12  regarding a person identified as "Petitioner" in the body of the complaint, but named as

13  Cher Scarlett in the attachments. *See generally* Dkt. # 1, *see also* Dkt. # 1-1 at p. 5 (order in

14  matter captioned "Cher Swan Scarlett vs. Ashley Marie Gjovik"). For purposes of this motion,

15  it is sufficient to summarize Ms. Gjovick's allegations.

16  Ms. Gjovik met Ms. Scarlett when they worked together at Apple. Dkt. # 1 ¶ 27.

17  Ms. Gjovik and Ms. Scarlett both had various concerns about working at Apple, including beliefs

18  that Apple was in violation of various labor and anti-discrimination laws, and started organizing

19  around these concerns. Dkt. # 1 ¶¶ 28-31. Ms. Gjovik made formal complaints to Apple about

20  these concerns, regarding which Ms. Scarlett showed interest. *Id.* ¶ 29.

21  The relationship between Ms. Gjovik and Ms. Scarlett turned contentious, and

22  Ms. Scarlett began posting on social media sites that various allegations Ms. Gjovik made

23  against Apple were "meritless and made in bad faith." *Id.* ¶ 35. The relationship continued to

24  deteriorate, with various communications made between and about Ms. Gjovik and Ms. Scarlett

25  via social media and other channels. *Id.* ¶¶ 40-46.

26

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

1    Ms. Gjovik was terminated from employment at Apple on September 9, 2021, and alleges

2    that she was not informed of the reason. Dkt. # 1 ¶ 34. Around the same time, Ms. Gjovik made

3    complaints about Apple to the National Labor Relations Board, the Equal Employment

4    Opportunity Commission, and the California Department of Fair Employment and Housing. Dkt.

5    #10 at 3-7. In defense to at least some of these complaints, Apple alleged that Ms. Scarlett had

6    made a complaint against Ms. Gjovik and that this complaint formed the basis upon which

7    Ms. Gjovik was terminated. *Id.* ¶ 36.

8    Related to Ms. Gjovik's ongoing complaints against Apple, Ms. Gjovik created and

9    posted online a "Legal Memo." *Id.* ¶ 47. The memo "documented and cited (directly linking to

10    numerous public postings) hundreds of negative comments made to and about Gjovik." *Id.* ¶ 47

11    (emphasis omitted). An excerpt from this memo is attached to Ms. Gjovik's complaint as

12    "Exhibit D." Dkt. # 1-1 at p. 15.

13    On January 31, 2022, Ms. Scarlett petitioned in King County District Court for an

14    anti-harassment protection order to protect her from alleged unlawful harassment committed by

15    Ms. Gjovik. Dkt. # 1 ¶ 51; Dkt. # 1-1 at pp. 5-10. Ms. Scarlett alleged that Ms. Gjovik engaged

16    in a "targeted harassment against [Ms. Scarlett] by posting defamatory content and other false

17    statements about [Ms. Scarlett] on [Ms. Gjovik's] Twitter account" and that "this escalated into

18    cyberstalking [Ms. Scarlett] and [her] family members, and publishing personal and private

19    information about [Ms. Scarlett] and [her] family members on [Ms. Gjovik's] Twitter account

20    with the malicious intention of stoking [Ms. Gjovik's] followers into harassing [Ms. Scarlett] as

21    well." Dkt. # 1-1 at p. 7.

22    Ms. Scarlett was denied a temporary restraining order. Dkt. # 1-1 at p. 5. The

23    King County judge found that "[t]here is no emergency/irreparable harm if emergency order is

24    not issued. Many of the complained-of action serve a lawful purpose (filing with NLRB) and

25    involve free speech. However, other allegations may have merit, thus this Court will set a full

26    hearing." *Id.*

MOTION TO DISMISS FOR LACK OF        3        ATTORNEY GENERAL OF WASHINGTON
SUBJECT MATTER JURISDICTION AND                     Complex Litigation Division
FAILURE TO STATE A CLAIM                         7141 Cleanwater Dr SW
(RULES 12(b)(1), (6)) --                             PO Box 40111
NO. 2:22-cv-00807-RAJ-BAT                     Olympia. WA 98504-0111
                                      (360) 709-6470

1    A full hearing on Ms. Scarlett's petition was set for February 15, 2022, but on

2    Ms. Gjovik's motion it was continued to March 1, 2022. Dkt. # 1 ¶ 81; Dkt. # 1-1 at pp. 12-13

3    (Order for Protection – Harassment dated March 1, 2022). Ms. Gjovik was represented by

4    counsel at the March 1 hearing, and vigorously contested it. *See* Dkt. # 1 ¶¶ 100-113. Ultimately,

5    however, the King County judge found that Ms. Gjovik committed unlawful harassed against

6    Ms. Scarlett and entered an anti-harassment protection order. Dkt. # 1-1 at pp. 12-13. The

7    King County judge found that "[b]ased upon the petition, testimony, and case record, the court

8    finds that the Respondent [(Ms. Gjovik)] committed unlawful harassment as defined in

9    RCW 10.14.080, and was not acting pursuant to any statutory authority." *Id.* at p. 12.

10    The anti-harassment protection order directed that Ms. Gjovik could not contact, surveil,

11    or approach within 1,000 feet of Ms. Scarlett. *Id.* at p. 13. Additionally, the order had a specific

12    directive to Ms. Gjovik regarding online postings and other publications preventing her from

13    publishing information about Ms. Scarlett:

14    > Respondent shall not make any statements or posts or other publications about
     > Petitioner, including, but not limited to, petitioner's medical information,

15    > petitioner's family, petitioner's names, on any social media or internet or other
     > medium. Nothing about this Order prohibits Respondent from testifying in

16    > administrative or judicial proceedings.

17    *Id.*

18    Ms. Gjovik appealed the order, and the appeal is set for hearing on August 26, 2022.

19    Dkt. # 1 ¶ 127.

20    Following entry of the order, Ms. Scarlett relied on the order in an attempt to have

21    Ms. Gjovik's legal memo removed from the internet site where it was published. Dkt. # 1 ¶ 114.

22    Ms. Gjovik also had communications with officials at the NLRB that allegedly undermined

23    Ms. Scarlett's testimony and evidence before the King County judge. *Id.* ¶ 115-17. Ms. Gjovik

24    received threatening and intimating posts directed to her on Twitter related to enforcement of

25    the anti-harassment protection order. *Id.* ¶ 119. Ms. Gjovik also alleges that a profile piece done

26    about her by the Washington Post was influenced by a hostile Twitter campaign that included

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Ms. Scarlett and Ms. Scarlett's friends. *Id.* ¶¶ 121-24. She also alleges that certain posts made as a part of this campaign contradict Ms. Scarlett's testimony at the anti-harassment protection order hearing. *Id.* ¶ 122.

**B.     Legal Background Concerning Anti-Harassment Protection Orders in Washington**

In Washington, a petitioner can obtain an anti-harassment protection order by filing a petition with a Washington State court that alleges the respondent committed "unlawful harassment" against the petitioner. Wash. Rev. Code § 10.14.020 (requiring unlawful harassment to "cause substantial emotional distress to the petitioner"), .040 (permitting filing of a petition for an anti-harassment protection order). "Unlawful harassment" is defined in part as "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose." Wash. Rev. Code § 10.14.020. The "course of conduct" sufficient to establish unlawful harassment specifically excludes "constitutionally protected free speech." *Id.*

Ex parte temporary orders are available without notice to the respondent, but orders with a duration longer than fourteen days may only be entered after notice to the respondent and a hearing. Wash. Rev. Code § 10.14.080. The order may be enforced as contempt of court. Wash. Rev. Code § 10.14.120. Willful disobedience of an anti-harassment protection order is a gross misdemeanor. Wash. Rev. Code § 10.14.170. A gross misdemeanor carries a maximum penalty of 364 days in the county jail and a maximum fine of $5,000. Wash. Rev. Code § 9.92.020.

Starting July 1, 2022, a new omnibus protection order chapter of the Revised Code of Washington will go into effect. *See* Wash. Rev. Code ch. 7.105. Washington has six different kinds of protection orders, of which the anti-harassment protection order is only one, and this new chapter consolidates them and standardizes certain procedures. *See* Wash. Rev. Code § 7.105.900 (legislative findings). Once this new law goes into effect, it will no longer be a gross misdemeanor to willfully disobey such an order regardless of how the order is disobeyed.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

1    Wash. Rev. Code § 7.105.455(2). Rather, only disobedience with certain provisions of such an

2    order constitute an independent crime (e.g., "[a] provision excluding the person from a residence,

3    workplace, school, or day care"). *Id.* But the definition of "course of conduct" sufficient to

4    establish unlawful harassment will still exclude constitutionally protected free speech.

5    Wash. Rev. Code § 7.105.010(5)(a). The new law will also expressly permit anti-harassment

6    protection orders to be modified on motion to include additional relief, including relief from

7    vexatious litigation, harassing or libelous communications, and false reports to investigative

8    agencies. Wash. Rev. Code § 7.105.310(1)(o). Currently, courts granting such orders "have

9    broad discretion to grant such relief as the court deems proper," but the specific relief authorized

10   by the new statute is not expressly listed. Wash. Rev. Code § 10.14.080(6).

11   **C.      This Lawsuit**

12          Ms. Gjovik claims that the anti-harassment protection order should never have been

13   entered against her, and seeks a declaration from this Court declaring that the order is invalid

14   and enjoining the State of Washington, Attorney General Ferguson, and Governor Inslee from

15   enforcing it. Dkt. # 1 ¶¶ 131-269. She has eleven asserted causes of action (which she

16   denominates as "counts"), in which she contends:

17          1.      "[N]one of [Ms. Scarlett's] numerous allegations met the criteria for unlawful

18   harassment" and therefore entry of the anti-harassment protection order was error

19   (Dkt. #1 ¶ 137);

20          2.      The definition of unlawful harassment is "unconstitutionally overbroad"

21   (*Id.* ¶ 164) and the order that was entered against her is "a content-based restriction on

22   constitutionally protected speech, and as such it is presumptively invalid, subject to strict

23   scrutiny" (*Id.* ¶ 166);

24          3.      "***The Order*** is a content-based restriction subject to strict scrutiny, and fails strict

25   scrutiny because the challenged restrictions are not narrowly tailored to serve a compelling state

26   interest" (*Id.* ¶ 173);

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

4.      Certain statutes which go into effect on July 1, 2022, which Ms. Gjovik alleges will apply to her in virtue of entry of the anti-harassment protection order, amount to prior restraints on expressive activity and ex post facto laws and bills of attainder (*Id.* ¶¶ 185-92);

5.      "***The Order*** is a content-based prior restraint, the most disfavored of all free speech restrictions, regardless of the basis" and was therefore entered erroneously (*Id.* ¶ 196);

6.      The anti-harassment protection order violates her rights to travel, practice an occupation, her right to privacy, and her right to access the courts and was therefore entered erroneously (*Id.* ¶¶ 203-11);

7.      "The ***state of Washington*** has no specific jurisdiction over ***Gjovik***, as ***Gjovik*** has no connections with the state, making the enforcement of a ***state of Washington*** anti-harassment law against ***Gjovik*** a violation of the Due Process clause of the U.S. Constitution" (*Id.* ¶ 216);

8.      "If a law crosses state lines, without a presumption against extraterritorial reach, courts are supposed to look to Conflict of Laws analysis, not blindly apply their domestic law to another state" and therefore the anti-harassment protection order was entered against her erroneously (*Id.* ¶ 229);

9.      Certain existing and forthcoming procedures for enforcing the terms of the order violate the U.S. Constitution (*Id.* ¶¶ 235-47);

10.     The anti-harassment order entered against her amounts to a bill of attainder, and is unconstitutional under the Fifth and Fourteenth Amendments because it "is punitive and creates a new crime that only ***Gjovik*** may commit, be found guilty of, and sentenced to jail (potentially years of jail) for" (*Id.* ¶ 251);

11.     Because Ms. Scarlett's allegations had to do with statements Ms. Gjovik made in connection with her complaint about Apple to the NLRB, the NLRB has sole jurisdiction over any complaints regarding Ms. Gjovik's statements and therefore the order was entered erroneously (*Id.* ¶ 266).

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  Ms. Gjovik "requests this federal court provide declaratory judgment on legality of

2  statute, permanent injunction of enforcement of noted statutes and orders against *Gjovik*, writ of

3  prohibition, and writ of mandamus." *Id.* ¶ 268.

4  ### III.    ARGUMENT

5  **A.    Legal Standard on a Motion to Dismiss Under Rules 12(b)(1) and (6)**

6  The presumption is "that federal courts lack jurisdiction unless the contrary appears

7  affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotation

8  marks omitted). A party may raise a challenge to the court's subject matter jurisdiction in a

9  motion under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Such challenges

10  can be facial or factual. *Id.* "In a facial attack, the challenger asserts that the allegations contained

11  in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*

12  *v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge can be raised in a 12(b)(1)

13  motion, and the court may consider extrinsic evidence outside of the pleadings, without

14  converting the motion into a summary judgment motion. *Id.* Such extrinsic evidence may include

15  information available in the public record. *White*, 227 F.3d at 1242. If such extrinsic evidence is

16  offered, the plaintiff may not rest on the pleadings, but must affirmatively prove those facts

17  necessary to the court's jurisdiction. *Savage v. Glendale Union High School, Dist. No. 205,*

18  *Maricopa County*, 343 F.3d 1036, 1039 (9th Cir. 2003). The court need not presume the

19  truthfulness of the plaintiffs' allegations made in the complaint. *White*, 227 F.3d at 1242.

20  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

21  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

22  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

23  (internal quotation marks omitted). "[O]nly a complaint that states a plausible claim for relief

24  survives a motion to dismiss." *Id.* Or stated another way, a complaint is dismissed as a matter of

25  law if it lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,

26  534 (9th Cir. 1984). At this stage the court must assume all factual allegations are true and

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

"construe them in the light most favorable to the plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

**B.     Ms. Gjovick Lacks Standing to Assert Claims Against the Attorney General and the Governor, Because She Has No Injury Fairly Traceable to Either of Them (All Counts)**

Ms. Gjovik's complaint alleges essentially three things: 1) the anti-harassment protection order was entered against her contrary to law (*e.g.*, Dkt. # 1 ¶ 137); 2) the definition of "unlawful harassment" is unconstitutional both as applied to her and facially (*e.g.*, Dkt. # 1 ¶ 153); and 3) the enforcement mechanisms available under Washington law to enforce the anti-harassment protection order are invalid as applied to her and facially (*e.g.*, Dkt. # 1 ¶¶ 238-39).

Ms. Gjovik does not have standing to allege these claims against Attorney General Ferguson or Governor Inslee. The test for Article III standing is familiar. The plaintiff must 1) allege an injury that is "actual or imminent, not conjectural or hypothetical"; 2) "there must be a causal connection between the injury and the conduct complained of"; and 3) "it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up). Further, "standing is not dispensed in gross." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645, 1650 (2017) (quoting *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008)) (internal quotation marks omitted). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis*, 554 U.S. at 734.

Ms. Gjovik cannot establish each part of the test for all of her claims, and accordingly lacks standing altogether. Each of Ms. Gjovik's three species of claims are discussed in turn below.

**1.     Neither the Attorney General nor the Governor caused the entry of the anti-harassment protection order**

The most obvious claim animating Ms. Gjovik's complaint is her claim that the anti-harassment protection order was entered against her unlawfully. *See generally* Dkt. # 1. But

---

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    neither Attorney General Ferguson nor Governor Inslee had anything to do with the entry of that

2    order. Instead, Ms. Scarlett petitioned for the order to the King County District Court. Dkt. # 1-

3    1 at p. 6-10. The King County District Court granted the order with no notice to or any

4    involvement whatsoever from the Attorney General or the Governor. *Id.* at p. 12-13.

5         Nor would any injunction or declaratory order issued to or against the Attorney General

6    or the Governor change or alter the anti-harassment protection order itself. That order was

7    entered in litigation between Ms. Scarlett and Ms. Gjovik. It cannot be deprived of legal effect

8    without Ms. Scarlett's involvement. *See*, *e.g.*, Fed. Rule Civ. Pro. 19.

9         Ms. Gjovik straightforwardly lacks standing to sue the Attorney General or the Governor

10   for any alleged injuries caused by the order itself. And because, as addressed elsewhere in this

11   motion, Ms. Gjovik's challenge to the entry of the order also clearly violates other limits on

12   federal court jurisdiction (*see infra* sections III.C-E) her claims alleging this order was entered

13   in error must be dismissed.

14        **2.    Ms. Gjovik cannot challenge the definition of "unlawful harassment"**

15        Ms. Gjovik also lacks standing to challenge the statutory definition of "unlawful

16   harassment." She claims that it is unconstitutional both as applied to her and facially. *E.g.*,

17   Dkt. # 1 ¶¶ 153, 163, 174. As described above, the entry of the anti-harassment protection order

18   cannot provide the basis for her injury to sue the Defendants, because none of the Defendants

19   had anything to do with the entry of that order against her.

20        Similarly, Ms. Gjovik provides no reason to think that either the Attorney General or the

21   Governor will enforce this statute against her in the future. Nor would they even be able to unless

22   they themselves were the victims of Ms. Gjovik's unlawful harassment. Washington State law

23   provides that the victim of unlawful harassment has the ability to petition for an anti-harassment

24   protection order. Wash. Rev. Code §§ 10.14.020, 7.105.100(f) (effective July 1, 2022) ("A

25   petition for an anti-harassment protection order . . . must allege the existence of unlawful

26   harassment committed against the petitioner . . . ."). "Unlawful harassment" is not itself a crime

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    that either Attorney General Ferguson or Governor Inslee has any power to prosecute. *See*

2    *generally* Wash. Rev. Code ch. 10.14 (procedures to obtain anti-harassment protection order

3    when petitioner proves unlawful harassment occurred), ch. 7.105 (same), § 9A.46.020 (defining

4    criminal harassment).

5         Ms. Gjovik does not allege any plans to engage in conduct arguably covered by the

6    definition of unlawful harassment as to Attorney General Ferguson or Governor Inslee, and so

7    there is no reason to believe that either of them would petition for an anti-harassment protection

8    order against Ms. Gjovik. And even if they did, they would probably not do so in their official

9    capacities, the capacity in which Ms. Gjovik has named them as defendants. *See* Dkt. # 1 ¶ 11.

10        To the extent that someone else, Ms. Scarlett for example, may at some future time make

11   use of Washington's anti-harassment protection order procedures and allege that Ms. Gjovik has

12   committed unlawful harassment, Ms. Gjovik needs to sue that individual in order to have relief.

13   Any injunction issued against Attorney General Ferguson or Governor Inslee will have no impact

14   on any of Ms. Gjovik's claimed injuries relating to the definition of "unlawful harassment",

15   because there is no contention that Ms. Gjovik has or will or will be alleged to have committed

16   unlawful harassment against them.

17        Ms. Gjovik has suffered no injury fairly traceable to any defendant and remediable by an

18   order of this Court sufficient to allow her to challenge the definition of "unlawful harassment."

19   She lacks standing to pursue these claims and they should be dismissed.

20   **3.    Ms. Gjovik lacks standing to challenge the enforcement mechanisms of anti-harassment protection orders in Washington State**

21   
22        Finally, Ms. Gjovick lacks standing to challenge, either facially or as applied against her,

     the enforcement mechanisms of anti-harassment protection orders in Washington State.

23        There are three general categories of such enforcement mechanisms that Ms. Gjovik

24   challenges: statutes that permit modification of such orders upon a motion from the petitioner

25   (Dkt. # 1 ¶¶ 187-89); statutes that permit such orders to be enforced by contempt of court

26   

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

(Dkt. # 1 ¶ 238); and statutes that make willful disobedience of such orders a gross misdemeanor (Dkt. # 1 ¶ 238). Ms. Gjovik lacks standing as to the first two for the reasons already discussed. As to the third, she lacks standing because there is no credible threat of enforcement against her sufficient to make her injury anything more than hypothetical and speculative.

*First*, like the order itself, and the definition of unlawful harassment, neither Attorney General Ferguson nor Governor Inslee have anything to do with the use of the first two procedures against Ms. Gjovik. Beginning in July of 2022, Washington law will permit a petitioner who successfully obtained an anti-harassment protection order to move the court for a modification of that order to include additional relief. Wash. Rev. Code § 7.105.310. As argued above, there is no reason to think that Attorney General Ferguson or Governor Inslee, especially in their official capacities, will at any time request an anti-harassment protection order against Ms. Gjovik. With respect to treating violations of a protection order as contempt of court, again, because such treatment is within the confines of an existing petition for an anti-harassment protection order, and there is no such litigation between the Defendants and Ms. Gjovik and no reason to think there ever will be, Ms. Gjovik lacks standing to sue them on this basis.

*Second,* Ms. Gjovik also lacks standing to challenge the statute that makes it a gross misdemeanor to willfully disobey an anti-harassment protection order because Ms. Gjovik does not have anything more than a speculative, hypothetical injury stemming from this statute. It is highly unlikely the Attorney General would ever have anything to do with prosecuting violations of anti-harassment protection orders such as the one Ms. Gjovik must comply with. It is the county prosecutor who prosecutes all crimes committed in the county. *See* Wash. Rev. Code § 36.27.020; *see also State v. Bryant*, 42 P.3d 1278, 1284 (Wash. 2002) ("County prosecutors are invested by the State with a limited grant of power to represent the State of Washington to enforce the laws of the State within each prosecutor's county."). The Attorney General has concurrent authority to investigate crimes and conduct prosecutions but only at the request or with the concurrence of the county prosecuting attorney, the governor, or "the committee

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  charged with the oversight of the organized crime intelligence unit." Wash. Rev. Code

2  § 43.10.232. Ms. Gjovik does not allege that Attorney General Ferguson has issued any warnings

3  to her. *See generally* Dkt. # 1. Nor has she alleged that the Attorney General has ever investigated

4  or prosecuted the violation of any anti-harassment protection order ever. *Id.* Ms. Gjovik must

5  allege an injury that is concrete and particularized, not hypothetical and speculative. *See Lujan*,

6  509 U.S. at 560-61; *see also Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1139

7  (9th Cir. 2000) ("We have held that neither the mere existence of a proscriptive statute nor a

8  generalized threat of prosecution satisfies the "case or controversy" requirement."). Here, she

9  has no reason whatsoever to believe that any prosecuting attorney will bring charges against her,

10  and even less reason to believe that those charges will come from Attorney General Ferguson.

11  The Governor, meanwhile, has no power to act as a prosecutor at all, and clearly is an

12  inappropriate defendant for this claim.

13      Because Ms. Gjovik cannot establish each part of the test for Article III standing for each

14  of her claims, she lacks standing and her lawsuit should be dismissed.

15  **C.   Ms. Gjovik's Complaint Amounts to a De Facto Appeal of an Order Issued by a Washington State Court and the *Rooker-Feldman* Doctrine Bars Jurisdiction (All Counts Except 4 and 9)**

16

17      Most of Ms. Gjovik's claims amount to an inappropriate attempt to appeal the judgment

18  of a state court to a federal district court. Only the United States Supreme Court has appellate

19  jurisdiction over state court judgements. *Worldwide Church of God v. McNair*, 805 F.2d 888,

20  890 (9th Cir. 1986); *see also* 28 U.S.C. § 1257. All of Ms. Gjovik's claims that allege the

21  anti-harassment protection order was unlawfully entered are barred by the *Rooker-Feldman*

22  doctrine, and this Court lacks jurisdiction over them.

23      "The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to

24  exercise appellate review over final state court judgments." *Henrichs v. Valley View*

25  *Development*, 474 F.3d 609, 613 (9th Cir. 2007). "It is a forbidden de facto appeal under

26  *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*,
2   341 F.3d 1148, 1163 (9th Cir. 2003). The doctrine bars suits "brought by state-court losers
3   complaining of injuries caused by state-court judgments rendered before the district court
4   proceedings commenced and inviting district court review and rejection of those judgments."
5   *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

6          With respect to the majority of Ms. Gjovik's counts (all except 4 and 9) she claims that
7   the anti-harassment protection order entered against her was entered in error on various grounds
8   of statutory interpretation and constitutionality. Dkt. # 1 ¶¶ 137, 166, 173, 196, 203-211, 216,
9   229, 251, 266. Somewhat consolidated and simplified, she alleges that she never unlawfully
10  harassed Ms. Scarlett (*Id.* ¶ 137), and entry of the order violated her constitutional rights (*Id.* ¶¶
11  166, 173, 196, 203-211, 216, 229, 251, 266). Based on this asserted error committed by the
12  King County District Court, she seeks to have this Court declare the anti-harassment protection
13  order invalid and enjoin Defendants from enforcing it. *Id.* ¶ 268. Contrary to the *Rooker-Feldman*
14  doctrine, she asks this Court to reverse the entry of the state court anti-harassment protection
15  order. *See Henrichs*, 474 F.3d at (9th Cir. 2007).

16         Ms. Gjovik specifically alleges that she had a full evidentiary hearing with the
17  opportunity to make motions, submit written briefing, and present evidence. She alleges that she
18  made some of the same arguments she makes here before the King County District Court.
19  *See*, *e.g.*, Dkt. # 1 ¶ 138 (Ms. Gjovk's counsel argued that no unlawful harassment occurred
20  because Ms. Gjovik only published information already publicly available); *see also* Dkt. # 1-1
21  at pp. 35-39 (Ms. Gjovik's motions before the district court), p. 41 (Ms. Gjovik's briefing before
22  district court). And she alleges that she has appealed the entry of the protection order against her,
23  where, presumably, all of her arguments may be addressed. Dkt. # 1 ¶ 127; *see also* Wash. Rules
24  for Appeal of Decisions of Courts of Limited Jurisdiction 2.2(d) (permitting an appellant to raise
25  for the first time on appeal a "manifest error affecting a constitutional right").

26

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    With this lawsuit, Ms. Gjovik is attempting to reverse the judgment of the King County

2    District Court in entering and fashioning an anti-harassment protection order against her. This is

3    straightforwardly barred by the *Rooker-Feldman* doctrine, and all of her claims alleging that

4    entry of the order was unlawful should be dismissed.

5    **D.**    **Ms. Gjovik Requests that This Court Interfere with the Enforcement of Orders**
         **Issued by a Washington State Court and the Court Should Abstain From Exercising**

6        **Jurisdiction (All Counts)**

7        Similar to the *Rooker-Feldman* doctrine, *Younger* abstention also bars this Court's

8    exercise of jurisdiction over Ms. Gjovik's claims. In this case, *Younger* abstention applies to all

9    of Ms. Gjovik's claims.

10        There is "a strong federal policy against federal-court interference with pending state

11    judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v.*

12    *Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). For this reason, federal courts abstain from

13    exercising their jurisdiction where doing so would implicate "vital state interests." *Id.* at 432.

14        In the Ninth Circuit, a five part test is used to determine if *Younger* abstention applies.

15    *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

16        *Younger* abstention is appropriate only when the state proceedings: (1) are
         ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest

17        in enforcing the orders and judgments of its courts, (3) implicate an important
         state interest, and (4) allow litigants to raise federal challenges. . . . If these

18        "threshold elements" are met, we then consider whether the federal action would
         have the practical effect of enjoining the state proceedings and whether an

19        exception to *Younger* applies.

20    *Id.*

21        Here, this test is met with respect to each of Ms. Gjovik's claims. For these purposes,

22    Ms. Gjovik's claims can be broken out into two groups. The first, consisting of all counts except

23    4 and 9, contend that the anti-harassment order should never have been entered in the first place.

24    The second group, being counts 4 and 9, allege that certain statutes which may be used to enforce

25    the anti-harassment protection order are unconstitutional. *Younger* abstention should apply to

26    bar jurisdiction over both of these broad groups of claims.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    **The first prong is met** because the state court action is clearly ongoing. Ms. Gjovik has

2    an anti-harassment protection order entered against her, which will be effective for the next five

3    years. Dkt. # 1 ¶ 9 ("district court granted the order against Grojvik for five years"). With respect

4    to the first group of claims, it is exactly this order that Ms. Gjovik asks this Court to overturn so

5    she is directly requesting interference from the federal court in this ongoing state court matter.

6    With respect to the second group, Ms. Gjovik alleges that the enforcement statutes she contends

7    are unconstitutional will only apply to her case because of the anti-harassment protection order.

8    Dkt. # 1 ¶ 186 ("The **state of Washington**, on July 1, 2022, will enact RCW 7.105(1)(o) [sic][1],

9    which will apply to **Gjovik** via **the Order** against **Gjovik**."). Because Ms. Gjovik's seeks this

10   Court's interference in the entry or enforcement of the anti-harassment protection order, the first

11   prong is met.

12       **The second prong is met too.** Here, Ms. Gjovik asks this Court to directly interfere in

13   the process by which Washington State enforces compliance with its orders and judgments. With

14   respect to the first set of claims, Ms. Gjovik asks this Court to simply set aside the anti-

15   harassment protection order, and enjoin its enforcement. *See*, *e.g.*, Dkt. # 1 ¶¶ 154-55

16   (summarizing Ms. Gjovik's objections to the order and concluding "[b]y reason of the foregoing,

17   plaintiff(s) seek(s) injunctive relief, writ of prohibition, and declaratory relief against defendant,

18   the state of Washington."). It is hard to conceive of a more direct interference than this.

19       With respect to the second group of claims, Ms. Gjovik asks this Court to invalidate

20   statutes delineating procedures by which Washington State courts may enforce and modify

21   anti-harassment protection orders. Dkt. # 1 ¶¶ 242-43. Ms. Gjovik particularly takes issue with

22   section 7.105.310(1)(o), which will allow protection orders to be modified by motion to grant

23   further relief including an order restraining a person from "engaging in abusive litigation,"

24   "making harassing or libelous communications, or making false reports to investigative

25

26   _____
     [1] The undersigned believes Ms. Gjovik meant to cite to section 7.105.310(1)(o) of the Revised Code of
     Washington and this citation is a typographical error.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

agencies." Dkt. # 1 ¶¶ 186, 242. Similarly, Ms. Gjovik challenges Washington's contempt statutes that permit courts to enforce their orders with remedial and punitive contempt. Dkt. # 1 ¶ 238. Finally, Ms. Gjovik challenges the statute that makes willful disobedience of an anti-harassment protection order a gross misdemeanor. *Id.*

But the United States Supreme Court has refused to permit the exercise of federal court jurisdiction over claims like these, which prevent state courts from enforcing its own judgments. *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) ("[T]he salient fact is that the federal-court interference with the State's contempt process is an offense to the State's interest likely to be every bit as great as it would be were this a criminal proceeding."); *see also Pennzoil Co. v. Taxaco, Inc.*, 481 U.S. 1, 13-14 (1987) (holding that *Younger* abstention was appropriate in challenge to process by which lien was placed on judgment debtor's property). Here, Ms. Gjovik seeks to challenge the mechanisms by which Washington State courts modify and enforce its own orders. The second prong of the *ReadyLink* test is met.

***Prongs three (important state interests) and four (ability to raise federal defenses) cannot be seriously in doubt.*** Here, Ms. Gjovik challenges an anti-harassment protection order. The state clearly has an interest in protecting its residents from unlawful harassment. *See* Wash. Rev. Code § 71.105.900(3)(d) (legislative findings specific to anti-harassment protection orders). This order was issued after a hearing before a King County District Court judge where Ms. Gjovik was represented by counsel, and was able to present briefing, motions, and evidence. Dkt. # 1 ¶¶ 95-96, 138; *see also* Dkt. # 1-1 at pp. 35-41. The judge specifically responded to Ms. Gjovik's contention that all of her conduct was protected speech, and not unlawful harassment. Dkt. # 1 ¶ 106. Prongs three and four of the *ReadyLink* test are clearly met.

***Finally, prong five is met*** because granting Ms. Gjovik her requested relief would have the practical effect of enjoining the state court proceeding. Ms. Gjovik requests, straightforwardly, that the protection order against her be declared invalid and that Washington State be enjoined from enforcing it. Dkt. # 1 ¶ 266. She also asks that Washington State statutes

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    that are used to enforce such orders be declared invalid and Washington State be enjoined from

2    applying those statutes to her. *Id.* ¶¶ 186-242. This also would have the effect of enjoining the

3    state court proceeding in so far as the protection order would be rendered null and void with no

4    way to enforce its terms. Finally, to the extent that Ms. Gjovik requests that the unlawful

5    harassment statute itself be invalidated (*see* Dkt. # 1 ¶ 141), it was this exact statute that was

6    applied to Ms. Gjovik's case and resulted in the anti-harassment protection order Ms. Gjovik

7    complains of. Dkt. #1-1 at p. 12 (King County District Court holding Ms. Gjovik "committed

8    unlawful harassment as defined in RCW 10.14.080"). A holding of this Court that this finding

9    was in error, either because Washington's unlawful harassment statute is invalid facially or as

10   applied to Ms. Gjovik, would as a practical matter reverse the District Court's judgment.

11           Here, Ms. Gjovik's requested relief would interfere in the pending state court

12   proceedings regarding the anti-harassment protection order entered against her. This Court

13   should decline jurisdiction under the doctrine of *Younger v. Harris*.

14   **E.      The Anti-Injunction Act Bars This Court from Enjoining Enforcement of the
             Anti-Harassment Protection Order (All Counts)**

15           Ms. Gjovik's requested relief would enjoin Washington State courts from enforcing its

16   own anti-harassment protection order, amounting to an unlawful stay of state court proceedings.

17   The Anti-Injunction Act, 28 U.S.C. § 2283, bars such relief.

18           "A court of the United States may not grant an injunction to stay proceedings in a State

19   court except as expressly authorized by Act of Congress, or where necessary in aid of its

20   jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The Anti-Injunction

21   Act also applies to declaratory judgements if those judgments have the same effect as an

22   injunction." *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002). The Act operates to

23   restrain a federal injunction of the enforcement of a judicial order issued by a state court as much

24   as it operates to prevent an injunction of a proceeding that could lead to such an order. *See*

25   *Empire Blue Cross and Blue Shield v. Janet Greeson's a Place for Us, Inc.*, 985 F.2d 459, 462

26

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT                    18          ATTORNEY GENERAL OF WASHINGTON
                                                              Complex Litigation Division
                                                              7141 Cleanwater Dr SW
                                                              PO Box 40111
                                                              Olympia, WA 98504-0111
                                                              (360) 709-6470

1    (9th Cir. 1993) (Anti-Injunction Act prevented injunction against state court order requiring

2    arbitration between parties in litigation); *Atlantic Coast Line R. Co. v. Brotherhood of*

3    *Locomotive Engineers*, 398 U.S. 281, 287 (1970) (Anti-Injunction Act applied to prevent federal

4    injunction against enforcement of state court injunction).

5          Here, Ms. Gjovik claims that the entry and enforcement of the anti-harassment protection

6    order violates her rights. *See generally* Dkt. # 1. She asks this this Court declare the order void

7    and enjoin its enforcement against her. *Id.* ¶ 268. She also requests that certain enforcement

8    mechanisms and further proceedings related to the anti-harassment protection order be enjoined.

9    *Id.* ¶¶ 188-92, 242-43. Such requests for relief are straightforwardly barred by the

10   Anti-Injunction Act and Ms. Gjovik's claims should be dismissed.

11   **F.      Washington State Must Be Dismissed as a Defendant**

12         The Eleventh Amendment permits claims against Washington State officials in their

13   official capacities, but bars claims against the state itself. *Pennhurst State School & Hosp. v.*

14   *Halderman*, 465 U.S. 89, 100-102 (1984). Here, in spite of specifically referencing *Ex Parte*

15   *Young*, which created this rule, Ms. Gjovik nonetheless names Washington State itself as a

16   Defendant in her complaint and requests that the Court enter judgment against it. *E.g.*,

17   Dkt. # 1 ¶ 11 ("Defendant is the government of the *state of Washington*."), ¶ 253 ("[P]laintiff(s)

18   seek(s) injunctive relief, writ of prohibition, and declaratory relief against defendant, the *state of*

19   *Washington*."). This is not permitted by the Eleventh Amendment, and Washington State must

20   be dismissed as a Defendant. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

21   **G.      In The Alternative, to the Extent Ms. Gjovik Has Alleged Claims Over Which This
22           Court Has Jurisdiction That Washington State Statutes are Facially Invalid, Ms.
             Gjovik Has Failed to State a Claim (Counts 2, 4, 7, and 9)**

23         Under a generous reading of the complaint, Ms. Gjovik has arguably alleged facial

24   validity challenges to the definition of "unlawful harassment" (Dkt. # 1 ¶ 153), to the

25

26

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

19

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   mechanisms by which anti-harassment protection orders are modified and enforced (*Id.* ¶ 238),[2]

2   and to Washington's personal jurisdiction statute (*Id.* ¶ 222). As discussed above, the Court lacks

3   jurisdiction over these claims, but even if the Court were to exercise jurisdiction, Ms. Gjovik has

4   failed to state a claim upon which relief may be granted.

5           **1.     The definition of unlawful harassment is not facially invalid**

6           The definition of unlawful harassment specifically excludes constitutionally protected

7   speech from the course of conduct that can give rise to an anti-harassment protection order. It is

8   not burdensome to constitutionally protected rights. If it is reached at all by this Court,

9   Ms. Gjovik's challenge to the statute's facial validity should be dismissed for failure to state a

10  claim.

11          In the First Amendment context, "a law may be invalidated as overbroad if a substantial

12  number of its applications are unconstitutional, judged in relation to the statute's plainly

13  legitimate sweep." *U.S. v. Stevens*, 559 U.S. 460, 472 (2010) (cleaned up). In this case, the statute

14  by its terms does not criminalize any conduct protected by the First Amendment. "Unlawful

15  harassment" means a particular "course of conduct." Wash. Rev. Code § 10.14.020. And that

16  "course of conduct" "does not include constitutionally protected activity." *Id.*; *see also*

17  Wash. Rev. Code 7.105.010 (same). For this reason, a similar statute that incorporated this same

18  definition of "course of conduct" was held constitutional by a Washington State

19  Court of Appeals. *State v. Bradford*, 308 P.3d 736, 742 (Wash. Ct. App. 2013) ("Thus, the

20  stalking statute explicitly does not criminalize actions—'a course of conduct'—that are

21  constitutionally protected.").

22          Neither is the definition of unlawful harassment unconstitutionally vague. A law is void

23  for vagueness where it does not provide "fair notice of the conduct a statute proscribes" and

24  where it does not have adequate standards to "govern the actions of police officers, prosecutors,

25
26  _____

    [2] Ms. Gjovik's as-applied challenges are so obviously barred by the *Rooker-Feldman* doctrine and other jurisdictional bars mentioned above that they are not addressed here on their merits. *See supra* Section III.B-F. Defendants do not concede the as-applied challenges would survive a motion to dismiss for failure to state a claim.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

20

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

juries, and judges." *Sessions v. Dimaya*, 138 S.Ct. 1204, 1212 (9th Cir. 2018). Where a statute has a scienter requirement, vagueness concerns are significantly ameliorated. *Hill v. Colorado*, 530 U.S. 703, 732-33 (2000) (holding statute which prohibited any person to knowingly approach within eight feet of another person, without that person's consent, for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person was not unconstitutionally vague). "[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statue when it is surely valid in the vast majority of its intended applications." *Id.* (quoting *United States v. Raines*, 362 U.S. 17, 23 (1960)) (internal quotation marks omitted).

Here, unlawful harassment requires a "knowing and willful course of conduct." Wash. Rev. Code § 10.14.020. This scienter requirement specifically requires that the person who is accused of unlawful harassment knowingly and willfully engage in the conduct prohibited. *Id.* It further uses common words that people of ordinary intelligence will readily understand and that provide adequate guidance to courts applying the definition. *See id.* A "course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose" is not vague, but adequately describes the conduct prohibited, and Ms. Gjovik's claim should be dismissed if the Court reaches it at all.

## 2. Washington's procedures for modifying and enforcing anti-harassment protection orders are lawful

None of Ms. Gjovik's allegations about the enforcement and modification procedures in Washington State law hold water.

***First***, it is lawful to permit an anti-harassment protection order to be modified by motion to grant additional relief, including relief from vexatious or abusive litigation. Starting in July 2022, section 7.105.310 of the Revised Code of Washington will permit a petitioner who has obtained an anti-harassment protection order to make a motion to obtain additional relief,

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

including relief from vexatious litigation. Ms. Gjovik incorrectly claims that this is an unlawful ex post facto law. Dkt. # 1 ¶ 186. To the contrary, Washington has permitted parties to petition the court to restrain an individual from instituting "abusive litigation" since January 1, 2021 in situations involving intimate partner domestic violence. Wash. Laws of 2021, ch. 311; Wash. Rev. Code § 26.54.020 (defining "abusive litigation"), 7.105.310(1)(o) (permitting modification of anti-harassment protection order to restrain "abusive litigation"). And Washington has granted orders restraining frequent abusers of court process for at least a century. *Burdick v. Burdick*, 267 P. 767, 769-70 (Wash. 1928) (upholding injunction against suit "brought purely for vexatious purposes"); *see also Yurtis v. Phipps*, 181 P.3d 849, 856 (Wash. Ct. App. 2008) ("[A] court may, in its discretion, place reasonable restrictions on any litigant who abuses the judicial process."). These are well-established tools that a court may use to protect itself and litigants. *See, e.g.*, 28 U.S.C. § 1651; *Molski v. Evergreen*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."). Explicit statutory authorization of such relief is in no way unconstitutional.

   **Second**, it is constitutional to make the violation of an anti-harassment protection order an independent criminal offense. Currently, willful disobedience of any part of an anti-harassment protection order is a gross misdemeanor. Wash. Rev. Code § 10.14.120. Starting in July 2022, only disobedience with respect to certain specified provisions of such an order will constitute a criminal offense. Wash. Rev. Code § 7.105.455. It is straightforward that a state may compel obedience to orders issued by its courts with recourse to the criminal law. *See, e.g.*, 18 U.S.C. § 401; *U.S. v. Doe*, 125 F.3d 1249, 1257 (9th Cir. 1997) (upholding conviction for criminal contempt of court).

   **Third**, it is constitutional for Washington State courts to utilize their general power to hold litigants in contempt of court to enforce anti-harassment protection orders. Chapter 7.21 of the Revised Code of Washington codifies the state courts' powers to impose sanctions for

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   contempt of court. Anti-harassment protection orders may be enforced with these powers.

2   Wash. Rev. Code §§ 10.14.120, 7.105.455(3). Again, it is longstanding practice and clearly

3   constitutional in the United States for courts to use their general contempt powers to enforce

4   their own orders. *See, e.g.*, *U.S. v. Barnett*, 376 U.S. 681, 699-700 (1964) ("The power to fine

5   and imprison for contempt, from the earliest history of jurisprudence, has been regarded as a

6   necessary incident and attribute of a court, without which it could no more exist than without a

7   judge.") (quoting *Watson v. Williams*, 36 Miss. 331, 341-42 (1858)).

8         ***Finally***, Ms. Gjovik alleges that starting July 2022, Washington will require compliance

9   hearings and compelled testimony for anti-harassment protection orders. Dkt. # 1 at ¶ 240. This

10  is false. Only extreme risk protection orders, a kind of protection order available when a person

11  poses a significant danger of firearm related violence, provides for mandatory compliance review

12  hearings. Rev. Code. Wash. §§ 7.105.225(1)(e), .340(6).

13        None of Ms. Gjovik's challenges to the enforcement or modification procedures for anti-

14  harassment protection orders in Washington state a claim upon which relief may be granted.

15        **3.      Washington's personal jurisdiction statute is not facially invalid**

16        Washington's personal jurisdiction statute for anti-harassment protection orders clearly

17  has valid applications, and is not unconstitutional.

18        "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount

19  successfully, since the challenger must establish that no set of circumstances exists under which

20  the Act would be valid." *U.S. v. Salerno*, 481 U.S. 739, 745 (1987); *see also Hotel & Motel Ass'n*

21  *of Oakland v. City of Oakland*, 344 F.3d 959, 972 (9th Cir. 2003) (applying the *Salerno* "no set

22  of circumstances" test to a vagueness challenge to a statute); *Young v. Hawaii*, 992 F.3d 765,

23  799 (9th Cir. 2021) (applying "no set of circumstances" test to facial challenge to statute

24  prohibiting carrying a firearm in public).

25        Here, it is obvious that in at least some cases Washington's statute permitting personal

26  jurisdiction over anti-harassment petitions when the defendant commits that harassment out of

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

23

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

state over the internet may be constitutionally applied. Section 10.14.155 permits the exercise of jurisdiction over an out of state defendant who engages in an "ongoing pattern of harassment that has an adverse effect on" a Washington State resident. Wash. Rev. Code § 10.14.155(1)(d)(i). It also permits personal jurisdiction where "as a result of acts of harassment, the petitioner or a member of the petitioner's family or household has sought safety or protection" in Washington. *Id.* § 10.14.155(1)(d)(ii). Section 10.14.155(2), which Ms. Gjovik challenges, simply permits the exercise of jurisdiction where these acts of harassment that give rise to adverse effects in Washington happen over the internet. "Communication on any electronic medium that is generally available to any individual residing in the state shall be sufficient to exercise jurisdiction under subsection (1)(d)(i) or (ii) of this section." *Id.* § 10.14.155(2).

The allegations made by Ms. Scarlett actually illustrate a constitutional application of this statute. Ms. Scarlett alleged that Ms. Gjovik engaged in a targeted harassment campaign against her specifically, and endeavored to recruit additional antagonists. Dkt. # 1-1 at p. 7 (alleging that as a result of Ms. Gjovik's actions "a number of her followers filed false CPS [(Child Protective Services)] reports against me, and began to harass my family."). If Ms. Scarlett's allegations are true, and Ms. Gjovik really was engaged in a targeted harassment campaign with the intention of doing harm to a Washington State resident, Washington certainly has personal jurisdiction over Ms. Gjovik. *See Calder v. Jones*, 465 U.S. 783, 788-89 (1984) ("We hold that jurisdiction over petitioners in California is proper because of their intentional conduct in Florida calculated to cause injury to respondent in California."). Washington's personal jurisdiction statute is not facially invalid, and Ms. Gjovik has failed to state a claim.

## IV.    CONCLUSION

For the reasons stated above, Ms. Gjovik's complaint should be dismissed either for lack of jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6).

DATED this 23rd day of June 2022.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

24

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ROBERT W. FERGUSON
Attorney General


*/s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
Assistant Attorney General
Complex Litigation Division
7141 Cleanwater Dr. SW
Olympia, WA 98504-0111
(360) 709-6470
Will.McGinty@atg.wa.gov
*Attorney for Defendant*

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

25

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

## DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 23rd day of June 2022, at Olympia, Washington.

*/s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
Assistant Attorney General

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND
FAILURE TO STATE A CLAIM
(RULES 12(b)(1), (6)) --
NO. 2:22-cv-00807-RAJ-BAT

26

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470