HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHLEY GJOVIK,

    Plaintiff,

  v.

STATE OF WASHINGTON, *et al*.,

    Defendants.

Case No. 2:22-cv-00807-RAJ-BAT

**ORDER DENYING MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

This matter comes before the Court on Plaintiff's emergency motion for a temporary restraining order (TRO). Dkt. # 11. For the reasons below, the Court **DENIES** Plaintiff's motion and determines that this action is barred under the *Rooker–Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005), and the Anti–Injunction Act, 28 U.S.C. § 2283. Therefore, the Court finds that it lacks subject matter jurisdiction over this case and **DISMISSES** the action.

### I. BACKGROUND

Plaintiff asks the Court to enjoin Defendants from enforcing an anti-harassment order issued against her. Dkt. # 11. That order, issued after a hearing in King County Superior Court, directs Plaintiff not to contact, surveil, or come within 1,000 feet of her former co-worker at Apple, Inc. Dkt. # 1-1 at 13. The order also prevents Plaintiff from making "any statements or posts" about her former co-worker on social media. *Id.*

ORDER – 1

Plaintiff was terminated from employment at Apple on September 9, 2021, and alleges that she was not informed of the reason. Dkt. # 1 (Compl.) ¶ 34. Around this same time, Plaintiff complained about Apple to the National Labor Relations Board, the Equal Employment Opportunity Commission, and the California Department of Fair Employment and Housing relating to potential violations of labor and anti-discrimination law. *See* Dkt. # 10 at 3-7. In defending some of these allegations, Apple claimed that Plaintiff's former co-worker made a complaint about her disclosing confidential information, and that complaint formed the basis upon which Plaintiff was terminated. *Id.* ¶ 36.

The relationship between Plaintiff and the former co-worker deteriorated, and both began posting about each other on various social media and other channels. *Id*. ¶¶ 35, 40-46. Ultimately, on January 31, 2022, the former co-worker petitioned for an anti-harassment protection order to protect against alleged unlawful harassment by Plaintiff. Compl. ¶ 51; Dkt. # 1-1 at pp. 5-10. The petition alleges that Plaintiff engaged in "targeted harassment," including "by posting defamatory content and other false statements" on her Twitter account. Dkt. # 1-1 at 5-10. The petition further alleges that Plaintiff engaged in "cyberstalking" and "publish[ed] personal and private information about [the former co-worker] … on her Twitter account with the malicious intention of stoking her followers" to continue the harassment. *Id.* King County Superior Court issued the anti-harassment order against Plaintiff on March 1, 2022. *Id.* at 12-13. The Complaint makes clear that the state court matter is still ongoing pending appeal. Compl. ¶¶ 210, 221, 269.

Plaintiff instituted the current lawsuit on June 9, 2022. Dkt. # 1. Her motion for emergency relief, filed on June 21, 2022, argues that the anti-harassment order is contrary to law on various constitutional and statutory grounds and asks this Court to enjoin its enforcement and the state court proceedings. Dkt. # 11 at 26. Pursuant to Local Rule 65(b)(5), Defendants filed a notice indicating their intent to oppose the motion on June 22, 2022. Dkt. # 13. Defendants opposed Plaintiff's motion within 48 hours as required by

ORDER – 2

Local Civil Rule 65(b)(5). Dkt. # 14.

## II.  DISCUSSION

Under the *Rooker–Feldman* doctrine, district courts lack jurisdiction to review state court judgments. The Supreme Court's appellate jurisdiction over state-court judgments, granted in 28 U.S.C. § 1257, is exclusive and "precludes a United States district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate...." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005). Plaintiff's complaint was filed in direct response to the Superior Court anti-harassment order, and is not an instance of concurrent jurisdiction. *Id*. at 292.

"It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). The doctrine bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The doctrine applies "not only to final judgments, but also to 'interlocutory state court decisions.' " *Santos v. Superior Court of Guam*, 711 F. App'x 419, 420 (9th Cir. 2018) (quoting *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001)).

Plaintiff's lawsuit, which principally seeks to enjoin the King County anti-harassment order and further state court proceedings, falls squarely within purview of the *Rooker-Feldman* doctrine.  The constitutional issues raised in the complaint are also "inextricably intertwined" with the anti-harassment order and therefore also barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *Noel*, 341 F.3d at 1157 ("[I]f the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding … then the district court is in essence being called upon to review the state-court decision. This the district court may not do.")

ORDER – 3

(quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)).

The *Rooker-Feldman* doctrine is not Plaintiff's only problem. The Anti-Injunction Act precludes "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As such, this Court may not grant an injunction to stay the King County Superior Court proceedings, or issue any declaratory relief "if those judgments have the same effect as an injunction." *California v. Randtron*, 284 F.3d 969, 975 (9th Cir. 2002). All of Plaintiff's claims stem from the entry and enforcement of the anti-harassment protection order in an ongoing state court matter. Such requests for relief are straightforwardly barred by the Anti-Injunction Act.

### III.  CONCLUSION

In conclusion, because the Court finds that it is divested of subject matter jurisdiction, pursuant to *Rooker–Feldman* and the Anti-Injunction Act, the Court cannot grant the relief sought by Plaintiff. As such, the Court hereby:

1. **DENIES** Plaintiff's Motion for Temporary Restraining Order (ECF No. 11) and all other pending motions (ECF Nos. 12, 16) as moot; and

2. **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction.

The clerk is directed to close this case.

**IT IS SO ORDERED**.

DATED this 28th day of June, 2022.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4