HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHLEY GJOVIK,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. 2:22-cv-00807-RAJ-BAT

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration ("Motion"). Dkt. # 22. Having considered the Motion, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the Motion.

## II. DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local

ORDER – 1

R. W.D. Wash. ("LCR") 7(h)(1).

The Court rejects Plaintiff's contention the Court should reconsider its dismissal order. There is no merit to Plaintiff's argument that the Court has jurisdiction because of federal preemption. Similarly, there is no merit to the argument that 18 U.S.C. § 1514 renders the Anti-Injunction Act inapplicable, and or that the Court can grant relief under the All Writs Act.

**A.   Preemption**

"Federal preemption occurs when: (1) Congress enacts a statute that explicitly preempts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 925 (N.D. Cal. 2014) (quoting *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010)).

Here, Plaintiff contends she has open complaints with the NLRB, the SEC, the Department of Justice, the Department of Labor, and the California State Department of Labor, regarding various alleged violations committed by her former employer, Apple, Inc. and some of Apple Inc.'s employees. Plaintiff argues the state district court based its rulings based upon unsubstantiated allegations and based upon Plaintiff's "legal filings." Dkt. 18 at 5-6. Plaintiff contends this "intrudes" upon the NLRB's and other federal jurisdiction.

Plaintiff's claim of preemption fails. None of the three factors set forth in *Hendricks v. Starkist Co.*, applies to this case. Rather this case involves a complaint seeking to invalidate a state statute. A party seeking to invalidate a state law based on preemption bears the considerable burden of overcoming the presumption that Congress does not intend to supplant state law. *Stengel v. Medtronic*, 704 F.3d 1224, 1227–28 (9th Cir. 2013) (en banc) (citation and internal quotation marks omitted). There is nothing showing Congress intended to supplant Washington State's statutes on harassment protection orders, or the sanctions for violating such orders. The fact Plaintiff believes the order

ORDER – 2

interferes with her ability to present complaints to various federal agencies does not create federal jurisdiction based on preemption here.

And, as Defendants point out, *Olson Farms Inc. v. Barbosa*, 134 F.3d 933, 938 (9th Cir. 1998) cuts against Plaintiff's requests. The Court in *Olson Farms* indicated a Federal District Court has no authority to review the final determinations of a state court in judicial proceedings, even those that touch upon federal rights. *Id.* at 937.

Plaintiff also argues the claims she has presented to the various federal agencies are meritorious. Whether her claims are meritorious or not does not mean her requests to bar the state harassment orders against her are preempted by federal law. Next, Plaintiff argues she has a private right of preemption, Dkt. 18 at 7, under *Independent Living Center of Southern California, Inc. v. Shewy*, 543 F.3d 1050 (9th Cir. 2008). But *Independent Living Center* involved the federal Medicaid Act, which sets forth detailed requirements for state medicare plans. The Court in *Independent Living Center* concluded there was a valid cause of action under the Supremacy Clause to assert injunctive relief because the action alleged a conflict between the federal Medicaid Act and the state Medicaid plan. The facts of *Independent Living* are wholly distinguishable from this case and not a basis for Plaintiff's motions for injunctive relief.

The Court accordingly rejects Plaintiff's contention that federal law preempts and nullifies the doctrines under *Younger* and *Rooker-Feldman*, or the Anti-Injunction Act.

### B.  18 U.S.C. § 1514 and the All Writs Act

Plaintiff also argues the Court may act under 18 U.S.C. § 1514. Section 1514 authorizes a federal district court, upon application of the attorney for the government to issue a temporary restraining order (§1514(a)), or on its own motion to issue a protective order of a victim or witness in a federal criminal case or investigation § 1514(b). Section 1514 is not in play here. What is in play is Plaintiff's request for this Court to issue an injunction barring application and enforcement against her of a state harassment protection order that was issued by a state judge and is on review in the state courts. That request is

ORDER – 3

barred by the Anti-Injunction Act for the reasons set forth in the dismissal order. Dkt. 21 at 4. Additionally, while Plaintiff has styled herself as a "witness" for the Government of the United States, § 1514(a) requires the attorney for the government to request a temporary restraining order. The language of the statute does not indicate an individual can individually request for a restraining order absent a request by the government lawyer. That the attorney for the government must recognize an individual as a "witness" who might fall under § 1514 is critical because the Court does not represent the government, and unless the government lawyer even recognizes Plaintiff as a protected witness, the Court declines to grant a TRO on its own initiative under § 1514(b).

And lastly, Plaintiff claims the Court has jurisdiction to provide relief under the All Writs Act, 28 U.S.C. § 1651(a). The Act authorizes a court to employ extraordinary writs but confines that authority to the issuance of process in aid of the issuing court's jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) (quoting § 1651(a)). The All Writs Act is an "extraordinary remedy," and it does not "enlarge" a court's jurisdiction. *Clinton*, 526 U.S. at 534-35. A court may utilize the All Writs Act, only to issue writs "necessary or appropriate in aid of" its existing jurisdiction. *See id*. (quoting 28 U.S.C. § 1651(a)). Additionally, the Act does not create any substantive federal jurisdiction but merely codifies federal courts' inherent power to protect the jurisdiction they already have, derived from some other source. *See Does # 1 v. Trump*, 458 F.Supp.3d 1220, 1223 (D. Or. 2020) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004)). The All Writs Act is inapplicable because this is clearly not a situation in which the Writ in necessary or appropriate in aid of the Court's jurisdiction. And as noted above, the Writ itself does not create federal jurisdiction that does not already exist. The Court concludes the All Writs Act is not grounds for this Court to act as Plaintiff desires.

Having found no manifest errors of law or fact in the dismissal order for lack of subject matter jurisduiction, the Court **DENIES** Plaintiff's motion.

ORDER – 4

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion.

DATED this 28th day of June, 2022.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5